IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

EQUAL EMPLOYMENT OPPORTUNITY    )
COMMISSION,                     )
                                )
            Plaintiff,           )
                                )
      v.                         )   Case No. 4:19-cv-2645
                                )
HOME SERVICE OIL COMPANY d/b/a   )
EXPRESS MART,                    )   JURY TRIAL DEMANDED
                                )
            Defendant.           )
                                )
                                )

## COMPLAINT

This is an action under Title I of the Americans with Disabilities Act of 1990, as amended (ADA), and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to David Branch who was adversely affected by such practices.  The Equal Employment Opportunity Commission ("Commission") alleges that Defendant Home Service Oil Company d/b/a Express Mart ("Defendant") refused to hire Branch because of his disabilities or perceived disabilities in violation of the ADA.

## JURISDICTION AND VENUE

1.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title

VII of the Civil Rights Act of 1964, as amended, (Title VII), 42 U.S.C. § 2000e-5(f)(1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.     The employment practices alleged to be unlawful were committed by Defendant within the jurisdiction of the United States District Court for the Eastern District of Missouri.

## PARTIES

3.     Plaintiff, the Equal Employment Opportunity Commission, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3).

4.     At all relevant times, Defendant has continuously been a Missouri corporation doing business in the State of Missouri and the city of Cedar Hill and has continuously had at least fifteen (15) employees.

5.     At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. §12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6.     At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## ADMINISTRATIVE PROCEDURES

7.     More than thirty days prior to the institution of this lawsuit, David Branch filed a charge of discrimination with the Commission alleging disability discrimination in violation of Title I of the ADA by Defendant.

8.     On August 22, 2019, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that Defendant violated the ADA.

9.     The Letter of Determination invited Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

10.    The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

11.    The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

12.    On September 20, 2019, the Commission issued to Defendant a Notice of Failure of Conciliation.

13.    All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF FACTS

14.   Defendant is a supplier of heating oil, diesel fuel and gasoline. Defendant's Express Mart division operates gas station convenience stores in Missouri.

15.   One of Defendant's convenience stores is located in Cedar Hill, Missouri.

16.   David Branch is a male resident of the State of Missouri.

17.   Branch is an individual with a disability under the ADA. Branch suffers from Tourette's Syndrome and Neurofibromatosis Type I. Both of these conditions affect the neurological system and other bodily systems. As a result of his Tourette's Syndrome, Branch has a facial tic which causes him to blink his eyes rapidly and contort his face at times.

18.   In early 2017, Defendant posted a sign at its Cedar Hill location indicating it was hiring for a store clerk position.

19.   In approximately March 2017, Branch applied for a part-time clerk position at Defendant's Cedar Hill location.

20.   When he applied for the position, Branch completed a paper job application and submitted it to Defendant's Assistant Store Manager at the Cedar Hill location, Richard Kronk.

21.   Kronk gave Branch's application to Cedar Hill Store Manager Michelle Gist and stated he thought Branch would be a good employee.

22.   When Kronk asked Gist about Branch's application. Gist said, "Do you really want someone who does that to work here?" When she made this comment, she contorted her face to imitate Branch's facial tic and threw his application in the

4

trash can. Kronk responded, "I guess you would not hire my daughter then since she only has one leg."

23.    Branch is a qualified individual with a disability who could perform the essential functions of the store clerk position with or without a reasonable accommodation.

24.    Defendant refused to hire Branch due to his disabilities or perceived disabilities.

STATEMENT OF CLAIM

(ADA – Failure to Hire)

25.    Paragraphs 1 through 24 are realleged and incorporated by reference as though fully set forth herein.

26.    Defendant engaged in unlawful employment practices in violation of Section 102(a) of the ADA, 42 U.S.C. § 12112(a), by refusing to hire Branch because of his disabilities or perceived disabilities.

27.    The effect of the practices complained of herein has been to deprive Branch of equal employment opportunities because of his disabilities or perceived disabilities.

28.    Defendant's unlawful employment practices complained of herein were intentional.

29.    Defendant's unlawful employment practices complained of herein were done with malice or reckless indifference to Branch's federally protected rights.

**PRAYER FOR RELIEF**

WHEREFORE, the Commission respectfully requests that this Court:

A.   Grant a permanent injunction enjoining Defendant, its subsidiaries, related entities, officers, successors, assigns, and all persons in active concert or participation with it, from engaging in unlawful employment practices which discriminate on the basis of disabilities or perceived disabilities;

B.   Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for persons with disabilities and which eradicate the effects of its past and present unlawful employment practices;

C.   Order Defendant to make Branch whole by providing appropriate back pay, lost benefits, and prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices;

D.   Order Defendant to make Branch whole by providing compensation for past, present, and future pecuniary losses resulting from the unlawful practices described above, in amounts to be determined at trial;

E.   Order Defendant to make Branch whole by providing compensation for non-pecuniary losses resulting from the unlawful employment practices described above, including embarrassment, dignitary harm, inconvenience, hardship, emotional pain and suffering, anxiety, stress, loss of enjoyment of life, and humiliation, in amounts to be determined at trial;

F.   Order Defendant to hire Branch as a store clerk or compensate him in appropriate amounts as front pay, along with applicable interest;

G.      Order Defendant to pay Branch punitive damages for its malicious or recklessly indifferent conduct described above, in amounts to be determined at trial;

H.      Grant such further relief as the Court deems necessary and proper in the public interest; and

I.      Award the Commission its costs of this action.

## **JURY TRIAL DEMAND**

The Commission requests a jury trial on all claims set forth herein.

SHARON FAST GUSTAFSON
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

ANDREA G. BARAN
Regional Attorney

C. FELIX MILLER
Supervisory Trial Attorney

/s/Jennifer L. Arendes
JENNIFER L. ARENDES, MO 46638
Trial Attorney

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
St. Louis District Office
1222 Spruce St., Room 8.100
St. Louis, MO 63103
(314) 539-7916 (telephone)
(314) 539-7895 (fax)
andrea.baran@eeoc.gov
felix.miller@eeoc.gov
jennifer.arendes@eeoc.gov