IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>HOME SERVICE OIL COMPANY d/b/a EXPRESS MART,<br><br>Defendant. | Case No. 4:19-cv-02645-JAR |

## CONSENT DECREE

1. Plaintiff Equal Employment Opportunity Commission ("EEOC") instituted this action against Defendant Home Service Oil Company d/b/a Express Mart ("Defendant") to enforce provisions of Title I of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq., as amended (ADA). In its Complaint, the EEOC alleged that Defendant violated the ADA by refusing to hire David Branch at its Cedar Hill Express Mart store because of his disabilities or perceived disabilities.

2. In the interest of resolving this matter after settlement negotiations, the parties agree that this action should be resolved by entry of this Decree. This Decree fully and finally resolves all claims alleged in the EEOC's Complaint. The parties agree to the jurisdiction of this Court over the subject matter of this action and the parties to the case.

3. The parties agree that this Decree is fair, reasonable, and not contrary to law.

**THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED AS FOLLOWS:**

4. Defendant shall not refuse to hire applicants into positions for which they are qualified because they are disabled within the meaning of the ADA.

5. Defendant shall not refuse to hire applicants into positions for which they are qualified because they request or need a reasonable accommodation required by the ADA.

6. Defendant shall not retaliate against any applicant or employee because such individual has: (i) opposed any employment practice alleged to constitute unlawful disability discrimination; (ii) participated in an investigation concerning or related to allegations of such discrimination; (iii) requested a reasonable accommodation for a disability; and/or (iv) participated in this lawsuit and/or the underlying EEOC investigation of the charge which formed the predicate for this lawsuit.

**CHARGING PARTY RELIEF**

7. Within seven (7) days of entry of this Decree and receipt by Defendant of a release in the form of Exhibit 1 hereto and a W-9 form executed by David Branch, Defendant shall pay the gross sum of Twenty-five Thousand Dollars ($25,000) to David Branch by check sent via certified mail return receipt requested at an address provided by the EEOC. Said payment shall be designated as compensatory damages.

8. Defendant shall make no deductions from the amount designated as compensatory damages.

9. No later than January 31, 2021, Defendant shall issue to Branch an IRS form 1099 for the designated compensatory damages amount.

10. In the event of non-payment, it is acknowledged that the monetary relief provided for herein is a debt owed to and collectible by the United States, or its proxy, notwithstanding that Branch is the ultimate beneficiary of such monetary relief.

11. Defendant shall not condition receipt of relief under this Decree upon Branch's agreement to: (a) maintain as confidential the terms of this Decree or the facts and/or allegations of this case; (b) waive his statutory right to file a charge or complaint with any governmental agency; (c) refrain from applying for employment with Defendant; (d) agree to a non-disparagement agreement; (e) execute a general release of all claims; or (f) any other terms or conditions not explicitly stated in this Decree.

12. The EEOC and Defendant acknowledge and agree that by agreeing to entry of this Consent Decree, Defendant does not admit liability or wrongdoing and, in fact, Defendant specifically denies that it discriminated against David Branch on the basis of his alleged disability or alleged perceived disability or any other impermissible factor, and that Defendant has entered into this Consent Decree solely as a means of settling this matter so as to avoid additional legal fees and expenses.

**EQUITABLE RELIEF**

13. Within sixty (60) days of entry of this Decree, Defendant shall adopt or maintain policies, procedures, and training to ensure compliance with the ADA and the provision of full employment opportunities to individuals disabled within the meaning of the ADA. At a minimum, such policies, procedures, and training shall include:

    a. A clear statement that discriminatory treatment toward disabled applicants or employees will not be tolerated and may be grounds for discipline, up to and including termination;

    b. A clear statement that Defendant is an equal-opportunity employer and encourages applications for employment from individuals with disabilities;

    c. A clear statement that Defendant will provide reasonable accommodation to disabled applicants and employees;

d. A clearly-communicated process by which applicants and employees may report suspected disability discrimination;

e. A clearly-communicated process by which applicants and employees may request reasonable accommodation;

f. Prompt and thorough investigation of any report of suspected disability discrimination in employment or denial of reasonable accommodation;

g. A confidential opportunity for applicants to voluntarily self-identify as an individual with a disability for purposes of ensuring equal employment opportunity and compliance;

h. Distribution of Defendant's newly-adopted ADA policies and procedures to all employees within thirty (30) days of their adoption and annually thereafter;

i. Training for all employees regarding Defendant's newly-adopted and continuing ADA policies and procedures within sixty (60) days of their adoption and annually thereafter, including a register of all employees receiving such training; and

j. Distribution of Defendant's ADA policies and procedures to all newly-hired employees within five (5) days of hire.

14. Within fourteen (14) days of entry of this Decree, Defendant shall include language on its company website, in all job descriptions used as part of hiring or job announcements, and on its electronic job application form that encourages all qualified individuals to apply for positions and states that Defendant does not discriminate in hiring based on disability.

## REPORTING

15. Within thirty (30) days following entry of this Decree and six months thereafter, Defendant shall send the EEOC a list of all complaints or reports of disability

discrimination during the previous six months, including the name and address of the employee or applicant, a description of the complaint or report, a description of Defendant's handling of the situation, and the ultimate resolution of the situation.

16. For the duration of this Decree, Defendant will retain all documents concerning complaints of disability discrimination by employees or job applicants, and all documents related to requests for reasonable accommodation.

17. At any time during the term of this Decree, the EEOC may request and Defendant shall provide within thirty (30) days, any documents, reports, or other information the Commission deems necessary to ensure compliance with this Decree.

18. Within thirty (30) days of completing the actions required by paragraphs 7, 13, and 14 above, Defendant will submit to the EEOC certification that those actions were completed along with copies of all required documents, including screenshots of information posted electronically.

19. Defendant shall submit all certifications, notices, reports, and other materials required to be submitted to the EEOC under this Decree by e-mail to EEOC-SLDO-Decree-monitoring@eeoc.gov.

## MISCELLANEOUS PROVISIONS

20. By entering into this Consent Decree, the parties intend to resolve the charge of discrimination that created the procedural foundation for this suit (EEOC Charge No. 846-2018-02438). No other pending or future charges, if any, are affected by this Decree.

21. This Decree will be for a period of three (3) years and may be extended upon a showing that the applicable standard for modifying/extending a consent decree is satisfied. This Court shall retain jurisdiction over this matter for purposes of compliance.

22. The terms of this Decree are binding upon Defendant's present and future directors, officers, managers, agents, successors, and assigns.  Defendant and any successor(s) shall provide a copy of this Decree to any organization or person who proposes to acquire or merge with Defendant, or any proposed successor, prior to any such acquisition, merger, or succession.

23. If, during the term of this Decree, the EEOC believes Defendant is not in compliance with the terms of this Decree, the EEOC shall notify Defendant of the alleged non-compliance and permit Defendant thirty (30) days to cure the alleged non-compliance.  If the Defendant fails to cure, the EEOC may petition this Court to enforce any term of this Decree. Should the Court determine that Defendant has not complied with any term of this Decree, the Court shall grant appropriate relief.

24. The parties shall bear their own costs and attorneys' fees.

IT IS SO ORDERED.

DATE: 2/14/2020

_____
HONORABLE JOHN A. ROSS
UNITED STATES DISTRICT JUDGE

FOR PLAINTIFF EQUAL
EMPLOYMENT
OPPORTUNITY COMMISSION:

SHARON FAST GUSTAFSON
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

/s/ Andrea G. Baran
ANDREA G. BARAN, MO Bar No. 46520
Regional Attorney

C. FELIX MILLER, MO Bar No. 28309
Supervisory Trial Attorney

JENNIFER ARENDES, MO Bar No. 46638
Senior Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
St. Louis District Office
1222 Spruce St., Room 8.100
St. Louis, MO 63103
(314) 539-7916 (telephone)
andrea.baran@eeoc.gov
felix.miller@eeoc.gov
jennifer.arendes@eeoc.gov

FOR DEFENDANT HOME SERVICE OIL
COMPANY d/b/a EXPRESS MART

_____
ZACHARY MANGELSDORF
President

/s/ Robert D. Younger
ROBERT D. YOUNGER, MO Bar No. 42909
JULIE M. PAGANO, MO Bar No. 69378
MCMAHON BERGER, P.C.
2730 North Ballas Road, Suite 200
St. Louis, MO 63131
Telephone: (314) 567-7350
younger@mcmahonberger.com

RELEASE FORM

Exhibit 1

In consideration for $25,000 paid to me by Home Service Oil Company d/b/a Express Mart, in connection with the resolution of *EEOC v. Home Service Oil Co. d/b/a Express Mart*, Civil Action No. 4:19-cv-02645 (E.D. Mo.), I waive my right to recover for any claims under the Americans with Disabilities Act that I had against Home Service Oil Company d/b/a Express Mart prior to the date of this release, which are alleged or could have been alleged in the EEOC's Complaint in the lawsuit identified above, or which were alleged in my charge of discrimination filed with the EEOC/Missouri Commission on Human Rights (EEOC Charge No. 846-2018-02438).

Date: _____          Signature: _____

David Branch